OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, and action dismissed.
*694 In our opinion substantial justice was not done between the parties in accordance with the principles and rules of substantive law (see, UJCA 1807). The judgment in favor of plaintiff was apparently based upon the court’s determination that performance of the tour conditions and passenger participant agreement by plaintiff and her husband was rendered impossible due to plaintiff’s sudden illness on the scheduled date of departure. The tour protection clause of the agreement, however, expressly conditioned a full refund upon “cancellation both verbally and in writing up to 72 hours before scheduled departure time.” Moreover, said clause also clearly provided that there were “[mjany other options of trip cancellation, health and accident insurance” available through the travel agent. It cannot be said that the event of cancellation for health reasons was one that could not have been foreseen or guarded against so as to invoke the doctrine of impossibility of performance (see generally, Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902). Plaintiff could have obtained such insurance but chose not to. Under these circumstances, plaintiff, having failed to provide timely cancellation notice pursuant to the agreement, is foreclosed from recovery of any refunds.
DiPaola, P. J., Ingrassia and Palella, JJ., concur.